## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| REVSTONE INDUSTRIES, LLC, et al.,[1] | Case No. 12-13262 (BLS) |
| Debtors. | Jointly Administered |
| FRED C. CARUSO, Trustee | Adv. Proc. No. 14-50656 (BLS) |
| Plaintiff, | |
| v. | |
| TURNBERRY INVESTORS, LLC, | |
| Defendant. | |

### DEFENDANT TURNBERRY INVESTORS, LLC'S OBJECTIONS TO PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART SUMMARY JUDGMENT FOR PLAINTIFF

Defendant Turnberry Investors, LLC ("Turnberry"), by and through its undersigned counsel, makes these objections, pursuant to Federal Rule of Bankruptcy Procedure 9033(b), Local Bankruptcy Rule 9033-1, and Local Bankruptcy Rule 7012-1, to the Bankruptcy Court's Memorandum Order Granting in Part and Denying in Part Summary Judgement [D.I. 62 in Adv. Proc. No. 14-50656] (the "Order"). Turnberry made timely demands for a jury trial and, pursuant to Local Bankruptcy Rule 7012-1, Turnberry made timely objections to entry of final judgment by the Bankruptcy Court.[2] Therefore, pursuant to Federal Rule of Bankruptcy

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's federal tax identification numbers are: Revstone Industries, LLC (7222); Spara, LLC (6613); Greenwood Forgings, LLC (9285); and US Tool & Engineering, LLC (6450). The location of the Debtors' headquarters and the service address for each Debtor is: Revstone Industries, LLC, et al., c/o Huron Consulting Group Inc., PO Box 1720, Birmingham, MI 48012, Attn: John C. DiDonato, Chief Restructuring Officer.

[2] Pursuant to Local Rule 7012-1, Turnberry's answer to the complaint in this adversary proceeding states that it does not consent to entry of a final judgment by the Bankruptcy Court. Adv. Proc. No. 14-50656, D.I. 3, ¶ 46. Therefore, even if partial summary judgment were appropriate here (most assuredly it is not), *a report and recommendation to the District Court*

Procedure 9033(d), the District Court shall make a *de novo* review of the Bankruptcy Court's proposed findings of fact and conclusions of law to which specific written objection has been made.[3]

### Specific Written Objections[4]

**Order, ¶ 6.**    Turnberry objects to the summary judgment standards listed by the Bankruptcy Court because important standards were not included and not followed by the Bankruptcy Court in the Order.  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge" on a summary judgment motion.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  Additionally, when considering a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Id.* at 255.  The central issue on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.  The judge's function is "not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id.* at 249.  An issue is "genuine" if a reasonable jury could possibly hold in the

---

*would be the required procedure*.  *See Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2174 (2014) (as fraudulent transfer claims are constitutionally "non-core," bankruptcy court may not enter final judgment); *VeraSun Energy Corp. v. West Plains Co.*, 2013 WL 3336870 (Bankr. D. Del.  2013) (bankruptcy court cannot enter final judgment absent consent and must provide district court with report and recommendation under Fed. R. Bankr. P. 9033).

[3] Turnberry is contemporaneously filing a Motion for Reconsideration to preserve its rights in case the Court holds that its Order was not issued pursuant to Federal Rule of Bankruptcy Procedure 9033 and that a notice of appeal or motion for reconsideration would be due within 14 days of the Order pursuant to Federal Rule of Bankruptcy Procedure 8002.

[4] Footnote 1 of the Order states that the Order contains findings of fact and conclusions of law. However, the Order did not separate the findings and conclusions, so Turnberry does not separate its objections either.

nonmovant's favor with regard to that issue. *Id.* These omitted important summary judgment standards were not adhered to by the Bankruptcy Court in its Order.

**Order, ¶ 10.** Turnberry objects to the Bankruptcy Court's conclusion that it has jurisdiction over this matter and that this adversary proceeding is a core proceeding. This is a non-core proceeding pursuant to *Executive Benefits Insurance Agency v. Arkison,* 134 S.Ct. 2165 (2014), notwithstanding the fraudulent conveyance claim raised herein being nominally core under 28 U.S.C. § 157(b)(2), and the bankruptcy court does not have jurisdiction to enter final orders or judgments consistent with Article III absent consent, which Turnberry has not given.

**Order, ¶ 14.** Turnberry objects to the Bankruptcy Court's finding that the expert report of James Lukenda proved insolvency and there was no dispute as to a material fact regarding insolvency. Turnberry submitted to the Bankruptcy Court the following disputes of material fact:

(i) Turnberry produced ample circumstantial evidence of solvency from which evidence a reasonable jury could infer that Revstone was not insolvent. *Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003) (reversing summary judgment; circumstantial evidence can be presented to defeat summary judgment). In particular, the clean audit opinion of Revstone for the year 2010 was signed by its auditor on February 24, 2012. Under professional standards, an auditor "has a responsibility to evaluate whether there is substantial doubt about the entity's ability to continue as a going concern for a reasonable period of time". AU Section 341, "The Auditor's Consideration of an Entity's Ability to Continue as a Going Concern," AICPA Professional Standards. An auditor concluding that there is substantial doubt must include an explanatory paragraph in their opinion. There was no explanatory paragraph in Revstone's

audited 2010 financial statements.  A reasonable jury could infer from this "clean" audit opinion that Revstone was not insolvent at any time before February 24, 2012.

(ii) Lukenda's insolvency opinion is impeachable.  Lukenda's opinion represents that he is certified as "CIRA."  A person certified "CIRA" must adhere to the Code of Professional and Ethical Conduct of the Association of Insolvency and Restructuring Advisors.  According to that Code, Lukenda must, among other things, "be impartial, intellectually honest, and free of conflicts of interest."  Lukenda is hardly an impartial expert whose only involvement in this case is to render one opinion or set of opinions.  Rather, Lukenda is a Managing Director of Huron Consulting Group, Inc. ("Huron").  Huron is owed more than $16 million in fees in these cases. Lukenda also personally served as the Deputy Chief Restructuring Officer for Revstone.  Thus, there is a jury question as to Lukenda's credibility, which precludes summary judgment as to insolvency.  *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 628 (1944) (reversing summary judgment and submitting case to jury to determine credibility because expert was interested in outcome of litigation).  Turnberry cited *Sartor* in its Answering Brief, but the Bankruptcy Court did not even mention it in its Order.  In footnote 7 of the Order, the Bankruptcy Court wrote that "Turnberry also contends that Mr. Lukenda's expert conclusion is tainted because he is conflicted and his employer holds a claim in these bankruptcy cases.  The Court finds that the Defendant's observations and concerns as to Mr. Lukenda's role and motivations do not rise to a level that would indicate his conclusions are unreliable."  Turnberry objects to this finding as to Lukenda's credibility.  "Credibility determinations … are jury functions, not those of a judge" on a summary judgment motion.  *Anderson*, 477 U.S. at 255.

(iii)  Turnberry also proffered declarations with lay opinions of the value of property of Revstone.  These declarations contradicted the low-ball values of property that Lukenda used to

arrive at his opinion of insolvency.   Using correct asset values rebuts Lukenda's insolvency opinion.   These lay opinions of value as to whether the transferor was insolvent at the time of the transfer raise an issue of material fact mandating denial of a motion for summary judgment. *United States v. Dunkel*, 1998 U.S. Dist. LEXIS 11576, at *11 (N.D. Ill. July 20, 1998).

**Order, ¶ 16.**   Turnberry objects to the Bankruptcy Court's conclusion that lay opinions offered by Turnberry were admissible but that "little weight" should be given to them.   It was error for the Bankruptcy Court to weigh the evidence.   "[T]he weighing of the evidence [and certain other determinations] . . . are jury functions, not those of a judge" on a summary judgment motion. *Anderson*, 477 U.S. at 255.

**Order, ¶ 18.**   Turnberry objects to the Bankruptcy Court's rejection of Turnberry's arguments regarding the 2010 Audit Opinion.   As explained above, the clean audit opinion of Revstone for the year 2010 was signed by its auditor on February 24, 2012.   Under professional standards, an auditor "has a responsibility to evaluate whether there is substantial doubt about the entity's ability to continue as a going concern for a reasonable period of time".   AU Section 341, "The Auditor's Consideration of an Entity's Ability to Continue as a Going Concern," AICPA Professional Standards.   An auditor concluding that there is substantial doubt must include an explanatory paragraph in their opinion.   There was no explanatory paragraph in Revstone's audited 2010 financial statements.   A reasonable jury could infer from this "clean" audit opinion that Revstone was not insolvent at any time before February 24, 2012.   The Bankruptcy Court's determination that these arguments are "not sufficient to rebut" Lukenda's report amounts to a weighing of the evidence, but "the weighing of the evidence [and certain other determinations] . . . are jury functions, not those of a judge" on a summary judgment motion. *Anderson*, 477

U.S. at 255.    Moreover, regardless of minor distinctions between going concern value and solvency, evidence that a business is a going concern supports a finding that it was solvent.

**Order, ¶ 19.**    Turnberry objects to the Bankruptcy Court's decision to credit Lukenda's conclusion on solvency over the lay opinions and reports filed by Turnberry.    It was error for the Bankruptcy Court to weigh the evidence.    "[T]he weighing of the evidence [and certain other determinations] . . . are jury functions, not those of a judge" on a summary judgment motion. *Anderson*, 477 U.S. at 255.

**Order, ¶ 21.**    The Bankruptcy Court made an erroneous conclusion of law rejecting Turnberry's argument that the creditors presented by the Trustee cannot be predicate creditors because one of the claims was filed after the bar date and the other claim identified no liability. Only claims that are timely filed under 11 U.S.C. § 501 can be deemed allowed under 11 U.S.C. § 502, which section specifically refers to § 501.    *In re Tucker*, 174 B.R. 732 (Bankr. N.D. Ill. 1994); *In re Marsiat*, 184 B.R. 846 (Bankr. M.D. Fla. 1994).    As Turnberry demonstrated through the declaration of Scott Hofmeister, the second claim was invalid because Revstone did not owe anything to that claimant.

**Order, ¶ 26.**    For the reasons stated above, Turnberry objects to the Court's holding that the Trustee is entitled to partial summary judgment.

WHEREFORE, Turnberry respectfully requests that the District Court make a *de novo* review and reject the proposed findings of fact and conclusions of law of the Bankruptcy Court that are discussed above.

OF COUNSEL:

Sheldon S. Toll (Mich. Bar No. P-21490)
LAW OFFICE OF SHELDON S. TOLL PLLC
29580 Northwester Hwy., Ste. 100
Southfield, MI 48034
(248) 797-9111
sst@lawtoll.com


DATED:  January 24, 2019

*/s/ Andrew J. Huber*
Evan O. Williford (No. 4162)
Andrew J. Huber (No. 6043)
THE WILLIFORD FIRM LLC
901 N. Market Street, Suite 800
Wilmington, DE  19801
(302) 654-5924
evanwilliford@thewillifordfirm.com
ajhuber@thewillifordfirm.com
*Counsel to Defendant Turnberry Investors, LLC*